IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DELPHINE MCCARGO ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | **Jury Trial Demanded** |
| WELTMAN, WEINBERG & REIS CO., L.P.A. ) | |
| AND MIDLAND FUNDING, LLC ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Delphine McCargo ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Cuyahoga, and City of Euclid.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WW&R") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. WW&R is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Midland Funding, LLC, ("MF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. MF is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than WW&R.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than WW&R, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than WW&R.

13. WW&R uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. MF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. MF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. MF is thoroughly enmeshed in the debt collection business, and MF is a significant participant in WW&R's debt collection process.

17. In connection with collection of an alleged debt, MF, sent written communication to Plaintiff, dated November 4, 2010, in which Defendant represented that Plaintiff owed an alleged debt in the amount of $ 2,398.09.

18. Thereafter, Defendant WW&R, itself and on behalf of MF, commenced suit against Plaintiff on February 22, 2011 for the same alleged debt, representing the amount owed to be $2029.57.

19. Defendant MF then sent subsequent written communication to Plaintiff, dated March 14, 2011 representing the amount of said debt to be $ 2,421.43. (15 U.S.C. §§1692e(2)(A), 1692e(10)).

20. By way of its April 21, 2011 letter to Plaintiff, Defendant did communicate with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

21. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT WW&R

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant WW&R violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that WW&R violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT MF

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant MF violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MF violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

This 21st day of July, 2011.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012